# United States District Court, Northern District of Illinois

*MHW*

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 7221 | DATE | 1/7/08 |
| CASE TITLE | DeValius McDonald (#055990) vs. Dr. Kim | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Kane County Jail. The clerk is directed to issue summons for service on the defendant by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Kane County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a staff physician at the jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that the defendant substituted an inferior drug for the plaintiff's prescribed hypertension medication, causing heart spasms; the plaintiff further contends that the defendant's refusal to prescribe him vitamins triggered bleeding gums and needless pain.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a negative balance in his jail trust account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.
(CONTINUED)

mjm

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999); *but see Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999), *cert. denied*, 530 U.S. 1244 (2000) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). While a more fully developed record may establish that the plaintiff received constitutionally adequate care, the defendant must respond to the complaint.

The clerk shall issue summons forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. If Dr. Kim can no longer be found at the work address provided by the plaintiff, the Kane County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. On this single occasion, the court has made judge's and service copies of the complaint for the plaintiff. **However, the plaintiff is advised that he must provide the original plus a judge's copy of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on the defendant's behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.