IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DEVALIUS MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07CV7221 |
| vs. | ) | |
| | ) | Judge Elaine E. Bucklo |
| DR. KIM, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, DR. YOUNG KIM, by and through his attorneys, SWANSON, MARTIN & BELL, LLP, moves this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof, states as follows:

### INTRODUCTION

1. Plaintiff filed a form complaint seeking relief under the Civil Rights Act, 42 U.S.C. § 1983 (2000), alleging a violation of his Eighth Amendment rights, actionable under the Fourteenth Amendment. A true and accurate copy of Plaintiff's Complaint, is attached hereto as "Exhibit 1" and incorporated herein by reference. At the time of filing, Plaintiff was a pre-trial detainee at the Kane County Adult Correctional Center ("KCCC") in Geneva, Illinois.

2. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint must be dismissed because Plaintiff has failed to state a claim for which relief can be granted.

218979v.1

## LEGAL STANDARD FOR A MOTION TO DISMISS

3. A 12(b)(6) motion to dismiss should be granted when a complaint fails to properly state a cause-of-action upon which relief may be granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). Even though a court must assume that all well-pled allegations are true, it is not necessary to find favorable inferences that are not apparent on the face of the complaint in a civil rights action. *Coates v. Illinois State Board of Education*, 559 F.2d 445, 447 (7th Cir. 1977).

4. In stating the standard for a motion to dismiss, often courts rely on the language of *Conley v. Gibson*, wherein the U.S. Supreme Court stated that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff *can prove no set of facts in support* of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). The Supreme Court, however, has revisited this language in *Bell Atlantic Corporation v. Twombly*, ___ U.S. ____, 127 S.Ct. 1955 (2007), and rejected it. Rather, the Supreme Court explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[,]… a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id.* at 1964-65. The factual allegations must be enough to raise the right of relief above the speculative level. *Id.* at 1965. In addition, a court must consider facts set forth in a plaintiff's complaint, which undermine his claim. *Thomas v. Farley*, 31 F.3d 557, 558-559 (7th Cir. 1994).

## PLAINTIFF'S FACTUAL ALLEGATIONS

5.     At the time he filed the Complaint, Plaintiff was a pre-trial detainee at KCCC located at 777 E. Fabyan Parkway in Geneva, Illinois.  (*See* Complaint, Part I).  Plaintiff filed this action against Dr. Kim, who is the present Medical Director at KCCC, alleging that Dr. Kim refused to prescribe him "Norvasc with HCZT [sic] tablets" to treat his hypertension, which was previously prescribed to Plaintiff by his primary care physician at Elgin Medical Care.  (*See* Complaint, Part IV).  Rather, Dr. Kim substituted Plaintiff's prescription with another drug without asking Plaintiff's permission or consulting with his private doctor, allegedly on the basis that the Norvasc was too expensive.  *Id.*

6.     According to Plaintiff, the substitute drug caused him to experience painful heart spasms.  *Id.*  Upon further consultation with Dr. Kim, Plaintiff received a prescription for Norvasc.  *Id.*

7.     Plaintiff also alleges that, in or about August 2007, his gums became infected due to lack of Vitamin C in his diet.  *Id.*  He states that the infection was so painful that he was unable to eat properly or sleep for two weeks until he was able to see the dentist.  *Id.*  Plaintiff states that Dr. Kim would not give him Vitamin C tablets, and as a result, he is still feeling "slight pain and discomfort" in his gums due to a Vitamin C deficiency.  *Id.*

8.     Based upon the foregoing, Plaintiff seeks relief from Dr. Kim in the amount of $500,000.00.  (*See* Complaint, Part V).

## ARGUMENT

9. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim of deliberate indifference to a serious medical need contains both an objective and subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), cited in *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005).

10. To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). The officials must know of and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and "must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. This is not to say that a prisoner must establish that officials intended or desired the harm that transpired. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Instead, it is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk. *Id.* Additionally, "a fact

finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970.

11.     Plaintiff has failed to state a claim for deliberate indifference. At most, Plaintiff alleges a difference in opinion with regard to his medical care and treatment, which is not actionable under § 1983. *See Medrano v. Smith*, 161 Fed. Appx. 596, 599 (7th Cir. 2006) (simple differences of opinion among medical personnel or between an inmate and his prison doctors concerning what is appropriate treatment do not constitute deliberate indifference).

12.     Moreover, Plaintiff concedes that, once he complained of the side effects of his blood pressure medication, Norvasc was prescribed. Thus, Plaintiff has not alleged any facts to support a claim that Dr. Kim ignored any serious risk to his health or safety. Rather, the complaint supports the opposite conclusion. When Plaintiff complained about the side effects associated with the alternative medication, Dr. Kim admittedly prescribed him the requested Norvasc. Thus, plaintiff has not, and cannot, state a claim for deliberate indifference.

13.     Likewise, Plaintiff has not alleged any facts to support his theory that Vitamin C tablets would have prevented his gum infection. Once again, this is merely a difference of medical opinion between an inmate and a prison doctor, which is not actionable under § 1983. Furthermore, Plaintiff concedes that Vitamin C tablets are available over the counter, and Plaintiff has not alleged that he was otherwise prevented from obtaining these from the commissary. Thus, he has not alleged any facts to support his claim that Dr. Kim's refusal to give him Vitamin C tablets posed a serious threat to his health or safety or evinced a deliberate indifference to his needs.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing Plaintiff's Complaint, with prejudice.

                                                      Respectfully submitted,

                                                     **SWANSON, MARTIN & BELL, LLP**

                                                     /s/  Christian A. Sullivan

Ross W. Bartolotta
Christian A. Sullivan
**SWANSON, MARTIN & BELL, LLP**
2525 Cabot Drive, Suite 204
Lisle, Illinois 60532
(630) 799-6900
Attorney No. 6278557

218979v.1